UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA FABIA SIMONETTI,

        Plaintiff,

-against-

GERARD ANTHONY SIMONETTI; AND
JOSEPH A. SIMONETTI,

        Defendants.

24-CV-01859 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

## BACKGROUND

  This action was initiated by Complaint on March 11, 2024, by Plaintiff *pro se* Maria Fabia Simonetti ("Plaintiff"). *See* Dkt. No. 1 (the "Complaint" or "Compl."). Broadly speaking, this case concerns a custody dispute over the minor child of Plaintiff and Defendant Gerard A. Simonetti. *See id*. Also named as a Defendant is Gerard A. Simonetti's brother, Joseph Simonetti (together with Gerard A. Simonetti, the "Defendants"). The minor child has lived in Brazil since she was born and has never lived in, or even traveled to, the United States. *Id*. Among other claims, Plaintiff alleges that her daughter's mental and physical health is not being properly treated in Brazil. *See generally* Compl.; *see also* Dkt. No. 27 (containing additional allegations). Construing her request for relief liberally due to Plaintiff's *pro se* status, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), she requests the Court enjoin the Defendants from "harming" her daughter and that her daughter be returned to her from Brazil. *See* Compl. at 11; *see also* Dkt. No. 27 at 1 ("I am seeking immediate relief, including the restoration of my rights as a parent, an injunction to prevent further harm.").

  On June 3, 2024, this case was reassigned from Chief Judge Laura T. Swain to the undersigned. On July 22, 2024, Defendants Gerard Anthony Simonetti and Joseph Simonetti

("Defendants") moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and arguing, *inter alia*, that this case is identical to multiple cases already adjudicated in New York State Court. *See* Dkt. No. 12. Plaintiff opposed Defendants' motion to dismiss on July 29, 2024. *See* Dkt. No. 13. On October 24, 2024, the Court referred this matter to the designated Magistrate Judge, Judge Barbara C. Moses, for General Pretrial matters and a Report and Recommendation on Defendants' pending motion to dismiss. *See* Dkt. No. 22.

While the motion has been pending, Plaintiff has repeatedly contacted the Court's Chambers by email and, on occasion, by telephone. Additionally, and despite the pending motion to dismiss, on November 13, 2024, Plaintiff filed a Proposed Order to Show Cause seeking a preliminary injunction and temporary restraining order with emergency relief. *See* Dkt. No. 25. Upon review of the submission, the Court declined to sign the Order to Show Cause and denied Plaintiff's motion for a preliminary injunction and temporary restraining order. *See* Dkt. No. 26. Furthermore, the Court prohibited Plaintiff from contacting Chambers and informed Plaintiff that further communications should be addressed to Judge Moses. *Id*. Shortly thereafter, on December 3, 2024, Plaintiff filed yet another motion for preliminary injunction with emergency relief. *See* Dkt. No. 27. On December 16, 2024, Defendants opposed. *See* Dkt. No. 28.

Although this matter is referred to Judge Moses for GPT and R&R, upon closer review of the Complaint and other filings in this matter, and for the reasons discussed herein, the Court has determined that it lacks subject matter jurisdiction to hear this matter. Accordingly, the reference is withdrawn and the case is DISMISSED for lack of subject matter jurisdiction.

**DISCUSSION**

Federal district courts are courts of limited jurisdiction and may not hear a case absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Even in *pro se* cases, the obligation to establish subject matter jurisdiction lies with the Plaintiff. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *Micolo v. Greenpoint Sav. Bank*, No. 17-CV-5991(JS)(AKT), 2018 WL 1730352, at *2 (E.D.N.Y. Apr. 9, 2018) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction."). A federal district court's subject matter jurisdiction is available only when a "federal question" is presented or, if asserting claims under state law under the court's diversity jurisdiction, when, among other circumstances, the plaintiff is a citizen of an American State, the defendant is a citizen of another American State or a citizen or subject of a foreign country, and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §§ 1331, 1332(a)(1), (2). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

For the reasons discussed below, the Complaint does not allege facts sufficient to show that the Court has subject matter jurisdiction over Plaintiff's claims.

*First*, Plaintiff does not allege facts sufficient to show that the Court can consider her claims under state law under the court's diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendants are citizens of different American States; a party may alternatively be a citizen or subject of a foreign country, so long as that party is not lawfully admitted for permanent residence in the United States and domiciled in the same American State where the opposing party is a citizen. *See* § 1332(a)(1), (2). In addition, for diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Construing the Complaint liberally, Plaintiff appears to be a citizen of New York, as she alleges that she lives in New York and requests her daughter be removed from Brazil to New York. *See* Compl. at 10–11. However, even construing Plaintiff's allegations generously, the Complaint does not allege facts sufficient for the Court to determine the citizenship of Defendants in a manner that would establish diversity jurisdiction. At times, the Complaint states that the Defendants live in Brazil, *see id*. at 5, but the addresses provided for the Defendants in the Complaint are residential addresses in New York State, *see id*. at 4. To the extent that Plaintiff's former husband would qualify as a "subject" of a foreign country, Plaintiff appears to allege that the co-defendant former brother-in-law is a citizen of New York, which would destroy diversity. Furthermore, even if complete diversity of citizenship had been properly pled or could be determined from the allegations of the Complaint or other documents in this case, Plaintiff has not established the statutory jurisdictional amount of $75,000 in controversy. *See id*. at 6 (Plaintiff's request for relief does not include any monetary damages). Therefore, the Court does not have diversity jurisdiction.

*Second*, neither has Plaintiff established federal question jurisdiction. Federal question subject matter jurisdiction may be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh.*, 546 U.S. at 513. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n.10. First, to the extent that Plaintiff attempts to assert her custody claims under the Hague Convention, the allegations fail on their face because "a petitioner cannot invoke the protection of the Hague Convention unless the child to whom the petition relates is 'habitually resident' in a State signatory to the Convention and has been removed to or retained in a different State." *Gitter v. Gitter*, 396 F.3d 124, 131 (2d Cir. 2005). Even construing Plainitff's allegations liberally, it appears to be undisputed (indeed the Complaint does not allege otherwise) that Plaintiff's minor child was born in Brazil, currently lives in Brazil, and has never lived in the United States. The Hague Convention is thus inapplicable because "parental intent cannot alone establish a child's habitual residence," rather, "a change in geography is a necessary condition to a child acquiring a new habitual residence[.]" *Id*. at 133. Second, Plaintiff's other claim, *see* Compl. at 10 (alleging "divorce fraud" because Plaintiff's father-in-law's will allegedly stated that he "loved" Plaintiff), is a state law claim over which the Court has no independent jurisdiction. Finally, given the Plaintiff's *pro se* status, the Court independently knows of no federal law, constitutional provision, or treaty that would provide relief to Plaintiff under the circumstances alleged in the Complaint. Accordingly, Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

The Court declines to address the Defendants' *res judicata* arguments raised in their motion to dismiss the Complaint because, as stated, the Court does not have jurisdiction to reach the merits of this dispute.

## CONCLUSION

In light of the foregoing, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. This action is therefore DISMISSED without prejudice. *See Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) (holding dismissal for subject matter jurisdiction must be without prejudice). The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to CLOSE this case and terminate all deadlines. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff.

Dated: December 18, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge