USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA FABIA SIMONETTI,
Plaintiff,

-against-

GERARD ANTHONY SIMONETTI; AND JOSEPH A. SIMONETTI,
Defendants.

24-CV-01859 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. On December 18, 2024, the Court dismissed Ms. Simonetti's complaint for lack of subject matter jurisdiction, Dkt. No. 30, which the Second Circuit affirmed by summary order. Dkt. No. 37. Ms. Simonetti now moves for civil and criminal sanctions and fees against Defendant Gerard Simonetti and his lawyer for allegedly "committing a deliberate misrepresentation upon [the] State of New York's Court, to intentionaly [sic] exonerate [Defendant] from a financial ponzi federal crime." Dkt. No. 38 ("Mot.") at 1. Ms. Simonetti's motion is DENIED.

Ms. Simonetti alleges that Defendant and his counsel committed fraud upon this Court by falsely asserting, *inter alia*, that Defendant was exonerated in relation to active Federal Bureau of Investigation and foreign law enforcement inquiries. Mot. at 3, 6. But the Court's determination of a lack of subject matter jurisdiction was based solely on the face of Ms. Simonetti's pleadings, not on any fraud or misrepresentation by Defendant or his counsel. Accordingly, the current allegations, even if taken as true, do nothing to cure the jurisdictional defect. Ms. Simonetti's attempt to "premise jurisdiction on the alleged violations of various Federal Rules of Civil Procedure" fails, because "[t]he Rules do not provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990).

Ms. Simonetti also invokes this Court's inherent equitable power to impose sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. Sanctionable conduct must be proven by clear and convincing evidence, and the court must make a specific finding of bad faith. *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). The court must also make factual findings and identify the particular misconduct it deems sanctionable. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1262 (2d Cir. 1996). The Court of course takes seriously any suggestion that an attorney or litigant has made false representations. However, in light of the irrelevance of the representations (whether true or false), the lack of subject matter jurisdiction over the substance of the litigation, the high bar for imposition of sanctions pursuant to the Court's inherent power, and Ms. Simonetti's failure to establish sanctionable conduct by "clear and convincing evidence," the Court will not re-open a

matter over which it has no subject matter jurisdiction merely to investigate the possibility of sanctions for representations that, even if false, played no role in any aspect of the Court's decision to dismiss this case. Accordingly, Ms. Simonetti's request for sanctions under the Court's inherent power is also denied.

While the Court is very sympathetic to Ms. Simonetti's difficulties related to her child custody battle, nothing in her motion, nor any of her previous filings, changes the fundamental fact that this Court lacks subject matter jurisdiction to adjudicate her claims and thus is without power to assist her. Although Ms. Simonetti is proceeding *pro se*, courts "should not excuse frivolous or vexatious filings by *pro se* litigants," nor does *pro se* status "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam). Accordingly, Ms. Simonetti is advised that continued frivolous filings may warrant sanctions, including designation as a "vexatious litigant" or a filing bar.

The Clerk of Court is respectfully directed to terminate Dkt. No. 38.

Dated: July 9, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge